

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

REGINA JACKSON, individually, and
on behalf of her minor children, Dayton
Cardrell Jackson, Destiny De'Shai Jackson,
Tre'veon Jackson and Breanna Jackson; and
Randy Bonner, as the natural tutor on behalf
of his minor son, Ricky DeWayne Bonner, a
surviving heir of the estate of Brandy D. Robinson

versus

ACE AMERICAN INSURANCE COMPANY,
AAA COOPER TRANSPORTATION and
DAVID A. BUTLER

CIVIL ACTION NO. 09-1199
JUDGE TOM STAGG

*consolidated with*

GERALD AND NICOLIA ABBOTT, as the
Legal Guardians of Minor Kenneth Robinson
and Nicolia Abbott, Legal Tutor of Minor Damion
Wilson, and Gerald and Nicolia Abbott on behalf
of Minors Kenneth Robinson, and Damion Wilson,
Legal Heirs of the Estate of Brandy D. Robinson,
and Surviving Children of Brandy D. Robinson

versus

ACE AMERICAN INSURANCE COMPANY,
AAA COOPER TRANSPORTATION and
DAVID A. BUTLER

CIVIL ACTION NO. 09-1200
JUDGE TOM STAGG

---

### MEMORANDUM RULING

Before the court is a motion to dismiss filed by the defendants, Ace American

Insurance Company, AAA Cooper Transportation and David A. Butler (hereinafter

collectively referred to as "the defendants"). See Record Document 5 in case number 09-1199. Based on the following, the defendants' motion to dismiss is **DENIED**.

## I. BACKGROUND

On June 28, 2009, a motor vehicle accident occurred involving a semi-trailer operated by David Butler and a vehicle owned and driven by Laskea Ester ("Ester"). Brandy D. Robinson ("Robinson") and Regina Jackson were passengers in the vehicle driven by Ester. Robinson sustained serious and fatal injuries in the crash. As a result of the accident, Randy Bonner and his son, Ricky DeWayne Bonner, the alleged minor child of Robinson, brought the instant wrongful death and survival action on behalf of the Estate of Robinson. Thereafter, the defendants filed a motion to dismiss asserting that the claims brought by the estate of the decedent should be dismissed because there exists no cause of action which may be brought on behalf of the estate of a decedent under Louisiana law.

## II. LAW AND ANALYSIS

A defendant may challenge a complaint by filing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In assessing the motion, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. See In re Katrina Canal

2

Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974. The defendants' Rule 12(b)(6) challenge must be determined based solely on the facts asserted in the complaint and the exhibits to the complaint. See Ferrer v. Chevron Corp., 484 F.3d 776, 780 (5th Cir. 2007).

In their motion to dismiss, the defendants assert that an estate cannot bring claims for wrongful death or a survival action. After the defendants filed their motion to dismiss, the plaintiffs filed a motion to amend the petition, wherein all claims previously made on behalf of the estate of the decedent were deleted and were replaced with a wrongful death action and survival action on behalf of the minor plaintiff. The defendants admit that the plaintiff "attempted to correct any prior deficiencies by deleting the previous allegations made on behalf of the Estate of the Decedent." Record Document 14 at 3. However, the defendants now assert that the plaintiffs are alleging a "'new,' never before claimed wrongful death action and

3

survival action [] on behalf of the minor Plaintiff." Id. The defendants then focus their argument entirely on the "newly" filed survival action, arguing that since the "newly" filed survival action was raised for the "first time" on behalf of the minor plaintiff on or about August 26, 2009, the claim is preempted and time-barred. See id.

The defendants contend that "[i]t is well-settled, that the one (1) year period [within which to bring a survival action] is preemptive [sic], and not prescriptive." Id. The defendants then cite to various cases in support of this proposition. However, all of the cases cited in support of the proposition that the time period in which to bring a survival action is peremptive and not prescriptive pre-date what was a change in the law. Louisiana Civil Code article 2315.1(C) clearly refers to the one-year period for the survival action as a "prescriptive period." See La. Civ. Code art. 2315.1(C) ("The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article."). The court is in full agreement with Professor William Crawford, who addressed this issue in his Louisiana Civil Law Treatise. Professor Crawford stated:

> It has been a long-running question as to whether the one-year period for survival provided in C.C. art. 2315.1 is a period of prescription or one of peremption. That question should be **considered settled** by the enactment of the 1986 version of C.C. art. 2315.1(C), which explicitly refers to the one-year period of survival as a "prescriptive period."

4

Crawford, William, La. Civil Law Treatise, Tort Law, § 5.9 (2d ed.) (emphasis added). In addition, the Louisiana Supreme Court recently discussed a survival action and determined that "prescription on that cause of action was interrupted when [a plaintiff's] sister and mother timely filed suit against the defendants." <u>Warren v. La. Med. Mut. Ins. Co.</u>, No. 2007-0492, 2008 WL 5158226, at *2 (La. 12/2/08) (on original hearing but later vacated on other grounds). Thus, the defendants' contention that it is "well-settled" that the one year time period within which bring a survival action is peremptive is unavailing.

The claims on behalf of the estate of the defendant have been removed from the amended petition and the defendants in their reply brief argue only that the survival action is time-barred because it is perempted. As this court finds that the one-year period regarding survival actions is one of prescription and not peremption, the motion to dismiss must be denied.

### III. CONCLUSION

Based on the foregoing, the defendants' motion to dismiss (Record Document 5 in 09-1199) is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 5th day of February, 2010.

JUDGE TOM STAGG