

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

---

REGINA JACKSON, individually, and
on behalf of her minor children, Dayton
Cardrell Jackson, Destiny De'Shai Jackson,
Tre'veon Jackson and Breanna Jackson; and
Randy Bonner, as the natural tutor on behalf
of his minor son, Ricky DeWayne Bonner, a
surviving heir of the estate of Brandy D. Robinson

versus

ACE AMERICAN INSURANCE COMPANY,
AAA COOPER TRANSPORTATION and
DAVID A. BUTLER

CIVIL ACTION NO. 09-1199
JUDGE TOM STAGG

*consolidated with*

GERALD AND NICOLIA ABBOTT, as the
Legal Guardians of Minor Kenneth Robinson
and Nicolia Abbott, Legal Tutor of Minor Damion
Wilson, and Gerald and Nicolia Abbott on behalf
of Minors Kenneth Robinson, and Damion Wilson,
Legal Heirs of the Estate of Brandy D. Robinson,
and Surviving Children of Brandy D. Robinson

versus

ACE AMERICAN INSURANCE COMPANY,
AAA COOPER TRANSPORTATION and
DAVID A. BUTLER

CIVIL ACTION NO. 09-1200
JUDGE TOM STAGG

---

## MEMORANDUM RULING

Before the court is a motion to dismiss filed by the defendants, Ace American

Insurance Company, AAA Cooper Transportation and David A. Butler (hereinafter

collectively referred to as "the defendants"). See Record Document 7 in case number 09-1200. Based on the following, the defendants' motion to dismiss is **GRANTED IN PART and DENIED IN PART**.

## I. BACKGROUND

On June 28, 2009, a motor vehicle accident occurred involving a semi-trailer operated by David Butler ("Butler") and a vehicle owned and driven by Laskea Ester ("Ester"). Brandy D. Robinson ("Robinson") and Regina Jackson were passengers in the vehicle driven by Ester. Robinson sustained serious and fatal injuries in the crash. As a result of the accident, Gerald Abbott and Nicolia Abbott, as legal guardians, brought the instant wrongful death and survival action on behalf of Kenneth Robinson and Damion Wilson, the alleged minor children of Brandy Robinson, and on behalf of the Estate of Robinson (hereinafter sometimes referred to as "the Robinson plaintiffs"). Ester and her alleged minor child intervened in the original action filed by the Robinson plaintiffs, asserting claims for damages and loss of consortium. The matter was originally filed in the First Judicial District Court for the Parish of Caddo but the defendants removed the matter to this court pursuant to diversity jurisdiction. Thereafter, the defendants filed a motion to dismiss asserting that the claims brought by the estate of the decedent should be dismissed because there exists no cause of action which may be brought on behalf of the estate of a

decedent under Louisiana law. The defendants also contend that the claims of the intervening plaintiffs should be dismissed, arguing that the intervention does not meet the requirements of Federal Rule of Civil Procedure 24 and that the claims of the intervenors bear no relation to the wrongful death and survival action filed by the Robinson plaintiffs.

## II. LAW AND ANALYSIS

### A.  Rule 12(b)(6).

A defendant may challenge a complaint by filing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  In assessing the motion, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff.  See In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974. The defendants' Rule 12(b)(6) challenge must

be determined based solely on the facts asserted in the complaint and the exhibits to the complaint. See Ferrer v. Chevron Corp., 484 F.3d 776, 780 (5th Cir. 2007).

**B.    Claims Made By The Estate.**

After the defendants filed their motion to dismiss, the plaintiffs filed a motion to amend the petition to show representative capacity, asserting that on October 1, 2002, Gerald Abbott and Nicolia Abbott were appointed "guardians" for Kenneth Robinson and that Nicolia Abbott was appointed tutrix of Kenneth Robinson on August 19, 2009, and tutrix of Damion Wilson on March 10, 2009. The motion to amend also added paragraph 9D, which states, in pertinent part:

> Kenneth Robinson and Damion Wilson are two (2) of the three (3) children of Brandy Robinson, deceased. The survival and wrongful death actions are asserted on their behalf by their lawful representatives Gerald and Nicolia Abbott.

Record Document 18 at 2. The plaintiffs thus assert that because of their motion to amend, the defendants' arguments in their motion to dismiss are moot.

The defendants admit that the amendment "may have demonstrated [Nicolia Abbott's] procedural capacity to bring the present suit," but counter that the motion to amend did "nothing to correct the erroneous wrongful death and survival actions brought on behalf of the Estate of the Decedent." Record Document 7 at 3.

4

In their motion to dismiss, the defendants assert that an estate cannot bring claims for wrongful death or a survival action. The defendants are correct. Louisiana Civil Code articles 2315.1 and 2315.2 set forth specific classes of beneficiaries eligible to assert claims for wrongful death and survival actions. Only in the absence of any class of beneficiaries may a succession representative bring a claim for a survival action, and a succession representative is not listed as a beneficiary at all regarding claims for wrongful death. Here, Brandy Robinson is allegedly survived by minor children. The motion to amend the petition did not remove or correct the allegations made on behalf of the Estate of Robinson. Because a class beneficiary exists, the Estate of Brandy Robinson has no right of action for wrongful death or survival action. The claims on behalf of the estate of the defendant are not proper and will be dismissed and thus the motion to dismiss is **GRANTED** as to this claim.

C.  **Peremption.**

The defendants next contend that the plaintiffs are alleging a "'new,' wrongful death and survival action on behalf of the minor Plaintiffs" by virtue of the motion to amend the petition. Id. at 4. The defendants then focus their argument entirely on the "newly" filed survival action, arguing that since the "newly" filed survival action

was raised for the "first time" on behalf of the minor plaintiffs on or about August 24, 2009, the claim is "preempted"[1] and time-barred. See id.

The defendants assert that "[i]t is well-settled, that the one (1) year period [within which to bring a survival action] is preemptive [sic], and not prescriptive." Id. The defendants then cite to various cases in support of this proposition. However, all of the cases cited in support of the proposition that the time period in which to bring a survival action is peremptive and not prescriptive pre-date what was a change in the law by virtue of a clarification of language. Louisiana Civil Code article 2315.1(C) clearly refers to the one-year period for the survival action as a "prescriptive period." See La. Civ. Code art. 2315.1(C) ("The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article."). The court is in full agreement with Professor William Crawford, who addressed this issue in his Louisiana Civil Law Treatise. Professor Crawford stated:

> It has been a long-running question as to whether the one-year period for survival provided in C.C. art. 2315.1 is a period of prescription or one of peremption. That question should be **considered settled** by the enactment of the 1986 version of C.C. art. 2315.1(C), which explicitly refers to the one-year period of survival as a "prescriptive period."

---

[1] The court presumes that the defendants erroneously used "preemption" as opposed to "peremption," which is the proper term and the term used throughout the cases cited by the defendants.

Crawford, William, La. Civil Law Treatise, Tort Law, § 5.9 (2d ed.) (emphasis added); accord Warren v. La. Med. Mut. Ins. Co., No. 2007-0492, 2008 WL 5158226, at *2 (La. 12/2/08) (wherein the Louisiana Supreme Court discussed a survival action and applied prescription to that cause of action) (on original hearing but later vacated on other grounds). Thus, the defendants' contention that it is "well-settled" that the one year time period within which bring a survival action is peremptive is unavailing. The defendants in their reply brief argue only that the survival action is time-barred because it is perempted. As this court finds that the one-year period regarding survival actions is one of prescription and not peremption, the motion to dismiss is **DENIED** as to this issue.

### D.   Relating Back.

The defendants next argue that the "newly" filed claims made by the minor plaintiff do not relate back to the timely filed original petition. The defendants, however, are incorrect. Federal Rule of Civil Procedure 15(c) allows a party to amend a pleading "despite an applicable statute of limitations in situations where the parties to litigation have been sufficiently put on notice of facts and claims which may give rise to future, related claims." Kansa Reinsurance Co. v. Congressional Mortgage Corp. of Tex., 20 F.3d 1362, 1366 (5th Cir. 1994). Rule 15(c) has been considered by the Fifth Circuit to be procedural and is thus governed by federal law.

See id. (citing Hensgens v. Deere & Co., 869 F.2d 879, 880 (5th Cir. 1989) ("[F]ederal law regarding relation back of amendments to pleadings is controlling in diversity cases in federal court.")). Rule 15(c) provides, in pertinent part, that an amendment relates back to the date of the original pleading when:

> (1)(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Although Rule 15(c) by its express language addresses changing defendants, the Advisory Committee's Note of 1966 indicates that "the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs."

Both of the parties cite to the Louisiana Supreme Court case of Giroir v. South La. Med. Ctr. Div. of Hosps., 475 So.2d 1040 (La. 1985), in support of their positions. The plaintiffs argue that Giroir allows the relation back of the claims of

8

the minor plaintiffs, while the defendants contend that Giroir[2] is distinguishable.

Again, the defendants are incorrect. In Giroir, the court noted that

> [t]he problem of relation back of amendments involving a change in the capacity of the parties is less difficult. Where a plaintiff only seeks to change the capacity in which the action is brought, . . . because there is no change in the parties, and because all parties are on notice of the facts out of which the claim arose, an amendment will relate back to the date of the original pleading absent prejudice due to the delay in filing.

Giroir, 475 So.2d at 1044 (citations omitted). Justice Marcus, in an opinion that concurred in part and dissented in part from the majority in Giroir, stated:

> That the plaintiff bringing the action lacks the capacity to sue, for whatever reason, does not matter, if the defendant has been notified of the titles which are the foundation of the demand for the whole of the property or debt, so as to acquire a sufficient knowledge of the rights which are sought to be enforced against him. Nini v. Sanford Brothers, Inc., 276 So.2d. 262 (La. 1973); Flower v. O'Connor, 17 La. 213 (1841). An amendment can be filed after the prescriptive period to name the correct plaintiffs or the correct capacity of the plaintiffs, and the amendment will relate back to the date of the original filing. La. Code Civ. P. art. 1153; Nini v. Sanford Brothers, Inc, supra.

Giroir, 475 So.2d at 1046.

Under either Giroir or Rule 15(c), the addition of the claims of the children of Brandy Robinson through the amended petition clearly relate back to the initial petition which was timely filed. The defendants were, without doubt, on notice that

---

[2] In their response to the plaintiffs' surreply brief, the defendants state that the plaintiffs cite the seminal case entitled "Gerard v. South Louisiana Medical Center" and proceed to attempt to dissect "Gerard." Record Document 24 at 2. However, this court presumes that the defendants intended to cite Giroir.

9

these plaintiffs were asserting claims for wrongful death and survival action, and no legitimate argument can be made that any prejudice will result. Accordingly, the defendants' motion to dismiss as to these claims is **DENIED**.

E.   **Claims In Intervention.**

The defendants also seek dismissal of the claims in intervention, asserting that the intervention by Ester and her minor son does not meet the requirements of Federal Rule of Civil Procedure 24 and that the claims brought by them bear no relation to the wrongful death and survival action filed by the Robinson plaintiffs. Rule 24 provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> . . .
>
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>
> > (1) In General. On timely motion, the court may permit anyone to intervene who:
> >
> > . . .
> >
> > > (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24.

The intervention by Ester (the driver of the automobile) and her son clearly meets the requirements of Rule 24(b). Notably, the petition in intervention was timely filed, within a year of the date of the accident, and the defendants "do not dispute the timeliness of the Intervening Plaintiffs['] claims nor do [they] dispute [that] the two sets of Plaintiffs do not adequately represent each other's interests." Record Document 7 at 10. The defendants instead focus upon the argument that the intervening plaintiffs' claims "are in no way related to the Robinson Plaintiffs['] claims for wrongful death and survival action." Id. at 10-11. This court concludes otherwise. The claims by Ester and her son for damages and loss of consortium involve common questions of law and fact with the claims made by the wrongful death and survival action, in that the negligence of the driver of the semi-trailer is a prerequisite to any finding of liability in either situation. The negligence of Butler is the crux of the claims of both sets of plaintiffs. In addition, the court notes that "[i]ntervention should generally be allowed where 'no one would be hurt and greater justice could be attained.'" Ross v. Marshall, 426 F.3d 745, 753 (5th Cir. 2005) (citation omitted). Accordingly, the defendants' motion to dismiss the claims in intervention is **DENIED**.

## III. CONCLUSION

Based on the foregoing, the defendants' motion to dismiss (Record Document 7) is **GRANTED IN PART and DENIED IN PART**. The motion to dismiss is **GRANTED** to the extent it seeks dismissal of any and all claims made by the Estate of Brandy Robinson. The motion to dismiss is **DENIED** in all other respects.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 5 day of February, 2010.

JUDGE TOM STAGG